Thomas G. **REEGER**, et al.

v.

**MILL SERVICE, INC.**, et al.

(RE: **Motion of Commonwealth Defendants to Dismiss**).

Civ. A. No. 84–1418.

United States District Court, W.D. Pennsylvania.

Sept. 12, 1984.

See also, D.C., 593 F.Supp. 360.

Henry G. Beamer, Pittsburgh, Pa., for plaintiff.

Thomas F. Halloran, Deputy Atty. Gen., Pittsburgh, Pa., for defendant, Environmental Resources.

James D. Morris, Pa. Dept. of Environmental Resources, E.D., Philadelphia, Pa., Dennis Strain, Dept. of Environmental Resources, Pittsburgh, Pa., for defendants Duritsa and Fabian.

John E. Beard, Susan Gelder, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendant Mill Service, Inc.

## OPINION

WEBER, District Judge.

Plaintiffs are private individuals who complain of the actions of defendant Mill Service, Inc. a private corporation operating a hazardous waste disposal facility under permits from the defendant Pennsylvania Department of Environmental Resources. The complaint alleges that the Mill Service, Inc. facility illegally disposes of hazardous waste which damages the environment and personal health and safety of plaintiffs, and that the Pennsylvania Department of Environmental Resources and its agents, defendants Duritsa and Fabian have failed and refused to enforce the environmental laws with respect to this facility.

All defendants have filed Motions to Dismiss, but we are confining this opinion to the motions of defendants Pennsylvania Department of Environmental Resources, and its agents Duritsa and Fabian because they are based largely on the same grounds.

The complaint asserts causes of action on federal constitutional questions under the 5th and 14th Amendments, which gives jurisdiction under 28 U.S.C. § 1331, and causes of action under the Federal Civil Rights Act 42 U.S.C. §§ 1981–1986 which gives jurisdiction under 28 U.S.C. § 1343. Pendant jurisdiction is claimed on causes of action under state statutes and the general state common law doctrine of nuisance. The complaint seeks money damages and injunctive relief.

■ The Department of Environmental Resources, which is a department of the Commonwealth of Pennsylvania, and its officers, Duritsa and Fabian, raise the defense of sovereign immunity under the 11th Amendment, with secondary and related defenses of the lack of a cause of action under the Federal Civil Rights Act, the doctrines of abstention and comity. *Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) makes it very clear that the 11th Amendment prohibits a federal district court from entertaining a suit against a state or state officials for damages or for injunctive relief based on requirements of state law. This jurisdictional bar applies regardless of the nature of the relief sought, equitable or compensatory.

■ In this case both the state department and state officials are named defendants. The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. If the relief sought, whether damages or injunction, would operate against the state, the suit is barred.

■ The exception to this rule is set forth in *Ex Parte Young* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that when the suit against the state office challenges the constitutionality of his action under the Federal Constitution because he acted pursuant to an alleged unconstitutional state statute, the Eleventh Amendment does not bar the federal court from granting prospective relief.

■ However, this exception does not apply when a plaintiff alleges, under a claim of pendent jurisdiction that a state official has violated state law. An error of law by state officers acting in their official capacities will not suffice to override the sovereign immunity of the state. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

With respect to pendent claims, the Pennhurst opinion held that the Eleventh Amendment bar applies to pendent claims as well as federal claims that would otherwise be within the jurisdiction of the court.

In *Allegheny County Sanitary Authority v. U.S. Environmental Agency, et al.,* 732 F.2d 1167 (3d Cir.1984), where a claim had been made against the Pennsylvania Department of Environmental Resources and some of its officers, under both a federal statute, The Federal Water Pollution Control Act, 33 U.S.C. § 1365(a), and under state environmental law, the district court found no federal cause of action and declined to exercise pendent jurisdiction over the state law claims. The Court of Appeals sustained the dismissal of both the state law and the federal law claims under the Eleventh Amendment bar.

While *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) broadened the *Young* exception by permitting a suit against a state officer which called for only prospective injunctive relief when it was alleged that the state officer was violating federal law, the court in *Pennhurst* noted that the scope of any such relief would be constrained under the principles of comity and federalism. The court noted that the *Young* doctrine rests upon the need to promote the vindication of federal rights. "This need to reconcile competing interests is wholly absent, however, when a plaintiff alleges that a state official has violated *state* law," —— U.S. at p. ——, 104 S.Ct. at p. 910.

■ We find that the action against the state department and the state officials to be barred by the Eleventh Amendment.

■ Plaintiffs also advance a cause of action under the Federal Civil Rights Acts against the individual state officers. If any such right exists over and apart from the Eleventh Amendment bar, we find it superceded by the comprehensive remedial enforcement scheme embodied in the federal Resource Conservation and Recovery Act (RCRA) 42 U.S.C. § 6901 et seq. and the federal Clean Air Act, 42 U.S.C. § 7401 et seq. The United States Supreme Court has ruled that:

the existence of these express remedies demonstrates not only that Congress intended to foreclose implied private actions but that it intended to supplant any remedy that otherwise would be available under § 1983. *Middlesex County Sewage [Sewerage] Authority v. National Sea Clammers Association,* 453 U.S. 1, 21, 101 S.Ct. 2615, 2627, 69 L.Ed.2d 435 (1981). The similarity of the provisions for citizens suits under the Clean Water Act, 33 U.S.C. § 1365 and the Marine Protection, Research and Sanctuaries Act, 33 U.S.C. § 1415(g)(5) cited by the Court in *Sea Clammers* to the citizens suit provisions of the Clean Air Act, 42 U.S.C. § 7401 et seq. and the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq. convinces us that the rationale of *Sea Clammers* is applicable to the present case.

We therefore find no cause of action in the plaintiff against the two individual defendants under the federal Civil Rights Act.

Nor can we find any pendant state law cause of action against the two state employees. While the Commonwealth of Pennsylvania may have an obligation to protect the public natural resources, and may be subject to liability therefore, there is no personal liability imposed on the two individual employees named defendants here.

Plaintiffs have attempted here to assert liability against defendants under the Pennsylvania Wrongful Death Act, (42 Pa.C.S. 8301, 8302). As a pleading to set forth such a cause of action the complaint here is extremely deficient but in no event could it, even if well pleaded, pass the bar of the Eleventh Amendment against the defendant Commonwealth or its individual employees.

In summary, we can find no possible set of facts which could be produced to support plaintiff's allegations and supply a cause of action which would entitle them to relief in this court. Ordinarily, upon a dismissal for failure to plead a cause of action under F.R.C.P. 12(b), leave to amend would be granted, but the court can see no possible amendment which would surpass the barriers here. Therefore, we will dismiss the action as to the Pennsylvania Department of Environmental Resources and to its employees, Charels A. Duritsa and Terry Fabian, and certify this as a final order.