Thomas G. REEGER, et al., Plaintiffs,

v.

MILL SERVICE, INC., the Department of Environmental Resources, and Charles A. Duritsa a/k/a "Chuck Duritsa", and Terry Fabian, Defendants.

Civ. A. No. 84–1418.

United States District Court, W.D. Pennsylvania.

Sept. 12, 1984.

See also 592 F.Supp. 1266.

---

Henry G. Beamer, Pittsburgh, Pa., for plaintiff.

Thomas F. Halloran, Deputy Atty. Gen., Pittsburgh, Pa., for defendant Environmental Resources.

James D. Morris, Com. of Pennsylvania Dept. of Environmental Resources, Eastern Div., Philadelphia, Pa., Dennis Strain, Dept. of Environmental Resources, Pittsburgh, Pa., for defendants Duritsa and Fabian.

John E. Beard, Susan Gelder, Kirkpatrick, Lockhart, Johnson & Hutchinson, Pittsburgh, Pa., for defendant Mill Service, Inc.

OPINION

WEBER, District Judge.

In this action plaintiffs are private individuals who complain of environmental conditions near their homes arising from the operation of a hazardous waste treatment and disposal facility owned by defendant, Mill Service, Inc., a private Pennsylvania corporation. Plaintiffs seek injunctive relief and compensatory damages. They have sued Mill Service, Inc. as well as the Pennsylvania Department of Environmental Resources and two of its employees alleging that the state and its employees have failed to enforce the law against this operation.

We have previously dismissed the action as to the Pennsylvania Department of Environmental Resources and its two employees, defendants Duritsa and Fabian, as being barred by the Eleventh Amendment, and not presenting a cause of action on any other grounds asserted.

We now have the motion of the remaining defendant, Mill Service, Inc., to dismiss on a number of grounds, primarily lack of jurisdiction and failure to state a claim upon which relief can be granted. The matter has been fully briefed and is ready for disposition.

Defendant argues first that to the extent that Plaintiffs' cause of action is based upon federal environmental statutes it must be dismissed because plaintiffs failed to undertake the required statutory procedures applicable to suits by private citizens under the statutes. The Congress has enacted a comprehensive set of statutes dealing with air and water pollution, which are the bases of plaintiffs' complaints, the Clean Air Act, 42 U.S.C. § 7401 et seq., the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq., and the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq.

We adopt the view that the provisions for citizens suits under the Clean Air Act and the Resource Conservation and Recovery Act are almost identical with those of the Clean Water Act which was the particular statute examined by the Court in *Middle-*

*sex County Sewerage Authority v. National Sea Clammers Assoc.,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). The Court held that the intent of that Act was to exclude any implied right of action independent of the specified citizen suit provision which authorizes private persons to sue for injunctions to enforce the statute.

As the Court in *Sea Clammers* noted: "These citizen-suit provisions authorize private persons to sue for injunctions to enforce these statutes. Plaintiffs invoking these provisions first must comply with specified procedures—which respondents here ignored—including in most cases 60 days' prior notice to potential defendants." (p. 14, 101 S.Ct. p. 2623).

Plaintiffs do not contest the specific failure to give the statutory notice, but alleges that oral complaints had been made both to the Pennsylvania Department of Environmental Resources, and to the federal Environmental Protection Agency (which is not a party to this action). They argue that to require the 60 day notice requirement would be to require a useless act. We do not presume to pass on the wisdom of Congress or on the utility of this requirement at this stage. It is presumed that when *Sea Clammers* finally reached the Supreme Court, the named defendants had long known of the complaints, yet the Supreme Court enforced the requirement. The statute says *"no action may be commenced"* (42 U.S.C. § 7604(b)). Strict compliance with the statutory notice requirements has been required by this and other courts. *West Penn Power Co. v. Train,* 378 F.Supp. 941 (W.D.Pa.1974), aff'd. 522 F.2d 302 (3d Cir.1975); *City of Highland Park v. Train,* 519 F.2d 681 (7th Cir.1975).

We conclude that we have no jurisdiction to hear the complaints based on violation of the federal environmental statutes.

Plaintiffs allege that the conduct of the defendants constitute a violation of their civil rights for which the federal Civil Rights Acts provide a cause of action.

Plaintiffs argue at considerable length that the participation of defendant Mill Service, Inc. on the state regulatory scheme is sufficient to cover Mill Service, Inc. with the attribute of state action for the purpose of imposing liability under the federal Civil Rights Acts. Plaintiffs cite *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and *Lugar v. Edmondson Oil Company,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1981) as support for this proposition.

Whether plaintiffs attempt to assert a claim under any section of the Civil Rights Act, whether it be 42 U.S.C. §§ 1981, 1982, 1983, 1985 or 1986, we find the element of state action to be immaterial, and for the purpose of this motion, we will assume, without so deciding, that the necessary element of state action includes the activities of defendant Mill Service, Inc. that are described herein.

In *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435, (1981) the Supreme Court expressly ruled that:

When the remedial devices provided in a particular act are sufficiently comprehensive, they may suffice to demonstrate a congressional intent to preclude the remedy of suits under § 1983. (p. 20, 101 S.Ct. p. 2626).

The Court was there concerned with the regulations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. and the Marine Protection, Research and Sanctuaries Act, 33 U.S.C. § 1411 et seq. While plaintiffs argue that *Sea Clammers* was concerned solely with ocean pollution and its effect on clam fishermen, as opposed to the claims of the present plaintiffs about their living environment, we find the statutory scheme of regulation almost identical under the statutes here involved, the Clean Air Act, 42 U.S.C. § 7401 et seq.; the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq.; and the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq. In all cases the existence of similar elaborate regulatory scheme and the similar provisions for suits by individu-

als support the conclusion that relief under any section of the Civil Rights Act is barred.

An additional argument by defendants should be considered. While plaintiffs are suing state defendants, for actions taken or omitted under state law, under a federal civil rights cause of action, it is noted that the state law under which these defendants acted has its own very elaborate system of administrative and judicial review. Because the complaint here, in the sense of state action, alleges a failure of due process, it must be noted that the state remedies have not been used. In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Court held that the existence of state remedies were sufficient to satisfy any requirement of due process where a Sec. 1983 action was being alleged.

Plaintiffs assert a cause of action based on federal common law to abate water pollution which would give this court jurisdiction under 28 U.S.C. § 1331. In its appellate progress, *Sea Clammers* was heard by the Court of Appeals under the title of *National Sea Clammers Association v. New York*, 616 F.2d 1222 (3d Cir.1980), and the Court of Appeals for the Third Circuit held that a remedy for common law nuisance was available to private parties in the federal district court, relying on *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972).

The Supreme Court rejected this argument. "The Court has now held that the federal common law of nuisance in the area of water pollution is entirely preempted by the more comprehensive scope of the F.W.P.C.A..... ... To the extent that this suit involves ocean waters not covered by the F.W.P.C.A. and regulated under the M.P.R.S.A., we see no cause for different treatment of the preemmption question." (453 U.S. p. 22, 101 S.Ct. p. 2627).

■ We find the regulatory scheme under the federal Clean Air Act to be similar to that of the acts considered in *Sea Clammers*, and therefore apply the same principle of preemption.

A final federal claim is asserted, "deprivation of rights secured by the Constitution of the United States and the provisions of the Fifth and Fourteenth Amendment ... as incorporated under the Due Process Clause of the Fourteenth Amendment." The Court of Appeals in *Sea Clammers* said "there is no constitutional right to a pollution-free environment." (616 F.2d 1222, 1237–38) (3d Cir.1980). Aside from this we are not aware of any constitutional right to be protected from state action which is not encompassed within the various provisions of the federal civil rights acts. And, as we have previously noted, the elaborate federal statutory scheme of regulation in these acts forecloses a separate civil rights cause of action.

The remainder of plaintiffs' claims are all asserted under the court's pendant jurisdiction. Having found no viable federal cause of action to which they can be appended, they are dismissed without prejudice.