CHAMBERS DEVELOPMENT
COMPANY, INC., Plaintiff,

v.

BROWNING–FERRIS      INDUSTRIES;
Browning-Ferris Industries of Pennsyl-
vania, Inc.; John Drury; William Cur-
tis;  Clifford  Bright  Edward  Benko:
William    Pittman;    Louis    Mazzaro:
David Humphreys: Anthony Phillips,
Jr., Defendants.

Civ. A. No. 83–2384.

United States District Court,
W.D. Pennsylvania.

Jan. 29, 1985.

Jamie L. Whitten, Lipsen, Hamberger,
Whitten & Hamberger, Washington, D.C.,
Ralph F. Scalera, Carl L. LoPresti, Michael
R. Bucci, Jr., Pittsburgh, Pa., for plaintiff.

Bruce Antkowiak, Robert J. Cindrich,
Mansmann, Cindrich & Huber, Pittsburgh,
Pa., for David Humphreys.

P. Christian Hague, David A. Luptak,
Mayer, Unkovic & Scott, Pittsburgh, Pa.,
for Browning-Ferris Ind. of Pennsylvania.

William B. Mallin, George E. Cornelius,
J. Gary Kosinski, Eckert, Seamans, Cherin
& Mellott, Pittsburgh, Pa., for Browning-
Ferris Ind. Inc.

H. Yale Gutnick, E.J. Strassburger, Pittsburgh, Pa., for Bright, Benko, Pittman and Phillips.

## MEMORANDUM ORDER

WEBER, District Judge.

AND NOW this 29th day of January, 1985, having considered arguments of counsel, pleadings, and briefs of all parties, IT IS ORDERED that:

1. The motions to dismiss of all remaining defendants are hereby DENIED.

■ Plaintiff has addressed the defects cited by Judge Cohill's earlier order and opinion, 590 F.Supp. 1528 in its amended complaint. Plaintiff states claims against which each defendant will be required to defend. While the court appreciates defendants' attempts to narrow the issues in this complex litigation, we nonetheless believe that defendants should be made to answer the amended complaint, and to proceed with the narrowing process by way of individual motions to strike and/or for summary judgment. It is enough that the complaint puts defendants on notice of the claims against them. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp., et al,* 742 F.2d 786 (3d Cir.1984).

2. Defendants will file their answers to the amended complaint by *February 28, 1985.*

3. Plaintiff's motion to compel answers to interrogatories and requests for admissions is hereby DENIED.

Defendants' arguments that plaintiff's original interrogatories were in some instances overly broad and directed largely toward jurisdictional issues, per this court's prior limitation on discovery, are well taken. Since jurisdictional issues have now been preliminarily decided, it is the opinion of the court that discovery will proceed in a more orderly and manageable fashion if plaintiff issues a new set of interrogatories and requests for admissions, specifically requesting the information required for trial preparation.

Defendants should note however that this court does not look favorably on eva-sive answers or answers in which a corporate defendant attempts to hide behind its subsidiaries. Further, this order should not be construed as excusing defendants from answering interrogatories directed at obtaining any necessary proof of this court's jurisdiction for trial.

4. The following discovery schedule shall govern the proceedings in this action:

   (a) Discovery by interrogatory and requests for admission shall proceed immediately and be completed within 60 days of this order;

   (b) Requests for production of documents may proceed immediately and shall be completed within 90 days of this order;

   (c) Subpoenas duces tecum to non-parties shall be initiated after *April 29, 1985,* and shall be completed by *June 14, 1985.*

   (d) Depositions shall be initiated after *April 29, 1985,* and shall be completed by *July 15, 1985.*

   (e) New document discovery, new interrogatories and new requests for admissions shall be completed *on or before August 30, 1985.*

   (f) Any necessary wrap-up depositions shall be initiated after *August 30, 1985,* and completed *on or before September 30, 1985;*

   (g) Plaintiff's pretrial narrative shall be filed *on or before October 28, 1985;*

   (h) Defendants shall file their pretrial narratives *on or before November 25, 1985.*

5. Having considered defendants' motion for protective order, the efforts of the parties to achieve a stipulated protective order, and the arguments and briefs of the parties in regard to disputed issues therein, the motion is GRANTED. Defendants have established a showing of good cause as required by Rule 26(c).

■ The protective order shall contain the following conditions:

(a) All documents produced in this litigation in response to a formal discovery request and all information contained in such documents shall be used solely for the prosecution and defense of the instant action and for no other purpose or publication, whether directly or indirectly, and shall not be disclosed, delivered, or its existence made known or exhibited to any person other than counsel for the parties, the staffs of their respective law firms, experts retained or consulted by counsel in connection with the instant action, and full-time employees of a party who are directly and reasonably assisting counsel for that party in the prosecution or defense of the instant action, it being understood that any such person shall use such document or information solely for purposes of the prosecution or defense of the instant action and shall be provided by counsel with a copy of this order. This paragraph (a) shall not preclude counsel from disclosing or sharing information with counsel of record in the pending related actions of *William Fiore v. Kelly Run Sanitation, Inc., et al.*, Civil Action No. 84–1171, and *Chambers Development Company, Inc. v. Municipality of Monroeville, et al.*, Civil Action No. 84–414, provided, and only after, counsel of record to whom disclosure is to be made agrees to be bound by the terms of this Protective Order. Their use of disclosed information shall then be subject to the same restrictions applicable to counsel in this action. This paragraph shall not restrict a party who produced a document from using or disclosing that document or the information contained therein in any manner that such producing party was entitled to use or disclose said document or information absent the production in this litigation.

(b) Any and all information, documents, materials, answers to interrogatories, admissions, deposition testimony, exhibits, motions, pleadings, affidavits, and briefs that any party, person, or entity designates as "CONFIDENTIAL" (hereinafter referred to as "confidential information"), provided in response to a formal discovery request, shall be used solely for the prosecution and defense of the instant action and for no other purpose or publication, whether directly or indirectly, and shall not be disclosed, delivered or its existence made known or exhibited to any persons other than counsel for the parties, the staffs of their respective law firms, and experts retained or consulted by counsel in connection with the instant action, with the understanding that said experts shall not include any of the parties or their officers or employees. This Protective Order shall also apply to copies, duplicates, notes, memoranda, recordings, and other documents that refer in whole or in part to the information covered by this Protective Order.

(c) No person other than those listed above shall have access to confidential information without approval of the Court or written agreement of the parties, nor shall any other person be informed of such information by any person having access thereto without approval of the Court or written agreement of the parties. IT IS FURTHER ORDERED that no person shall review or examine or participate in the review or examination of confidential information until he signs an agreement to be bound by this Protective Order. Counsel shall be responsible for maintaining a list of all persons to whom any confidential information is disclosed, and, for good cause shown, such list shall be made available for inspection by counsel for other parties.

(d) In the event that counsel for a party reviews documents which are to be produced in accordance with a subpoena duces tecum at a deposition before the deposition occurs, or in the event the review of documents produced pursuant to a subpoena duces tecum occurs after the deposition at which the documents were to be produced, the documents shall be treated as confidential for a period of ten days after the documents are produced. If a party reviewing the documents wishes to designate such information as "CONFIDENTIAL" during the 10-day period, said party shall notify all other parties of its confidential nature, and thereafter, said information

shall be treated as "CONFIDENTIAL" under this Protective Order.

(e) Any party or person providing deposition testimony in these proceedings may designate that portion of his testimony deemed to be confidential by advising the reporter of such fact. The reporter shall separately transcribe those portions of the testimony and shall mark the face of the transcript with the "CONFIDENTIAL" designation referred to above. The portion of the transcript so marked shall be filed under seal with the Clerk of the Court. Whenever any document designated as "CONFIDENTIAL" is identified as an exhibit, it shall be so marked and separately filed under seal with the Clerk of the Court.

(f) Whenever a party objects to the designation of information as "CONFIDENTIAL", it may apply to the court for a ruling that the information shall not be so treated after giving ten days' prior written notice of such application to the party, person, or entity asserting "CONFIDENTIAL" treatment, during which time resolution of the disagreement shall be attempted among the concerned parties. The information initially designated "CONFIDENTIAL" shall be treated as such pending consideration by the court of any such motion.

(g) Counsel for each party shall be personally responsible during the course of this litigation for the implementation of this order. Upon final termination of the instant action, all confidential documents and material produced and copies thereof shall be returned to counsel for the party who produced the documents, and all papers and copies thereof, prepared in connection with this litigation by any such producee counsel or anyone who has been given access to the documents, that disclose confidential information shall be destroyed by or under the direction of counsel, subject to further order of this court.

(h) Counsel shall not for themselves, or for any person acting on their behalf, copy or reproduce information more than is rea-sonably necessary for the conduct of this litigation.

(i) Nothing contained in this order shall preclude the use of confidential information at trial or at depositions, provided that such confidential information may be so used with appropriate safeguards agreed upon by all parties or ordered by the Court unless the Court or the parties determine that no safeguards are necessary or appropriate.

(j) All confidential information filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties in this proceeding.

6. Briefs have been submitted to this Court containing affidavits and evidentiary materials. Briefs do not get filed and do not become a part of the record. All affidavits and evidentiary materials which the parties want the Court to consider should properly be filed with the Clerk of Courts along with the motion so that they are made a part of the record.