William FIORE t/d/b/a Municipal and Industrial Disposal Company, Plaintiff,

v.

KELLY RUN SANITATION, INC., Gary L. Fiore, Marino Fiore a/k/a "Jumbo Fiore", and Margaret Fiore and Browning Ferris Industries, Inc. and Robert A. Johnson, Stephen L. Thomas, Loren E. Beck, Karel T. Pekarek, John Drury, and Browning Ferris Industries of Pennsylvania, Inc., and William Curtis, Clifford Bright, Edward Benko, William Pittman and Department of Environmental Resources, and Charles A. Duritsa a/k/a "Chuck Duritsa", Tony Orlando and V. Vincent Luci, Defendants.

Civ. A. No. 84–1171.

United States District Court, W.D. Pennsylvania.

May 30, 1985.

---

Henry G. Beamer, Metz Cook Hanna Welsh Bluestone & Beamer, Pittsburgh, Pa., for plaintiff.

Thomas F. Halloran, Sr. Deputy Atty. Gen., Pittsburgh, Pa., for Dept. of Environmental Resources.

Dennis Strain, Comm. of Pennsylvania, Dept. of Environmental Resources, Pittsburgh, Pa., for defendant Duritsa.

William B. Mallin, George Cornelius, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for Browning Ferris Industries, Inc.

P. Christian Hague, Meyer, Unkovic & Scott, Pittsburgh, Pa., for BFI of Pa. Inc.

Alexander H. Lindsay, Jr., Butler, Pa., for V. Vincent Luci.

Frederick W. Thieman, Pittsburgh, Pa., for Anthony Orlando.

Richard A. Ferris, Pittsburgh, Pa., for Kelly Run Sanitation, Inc. and Gary, Marino and Margaret Fiore.

## OPINION

WEBER, District Judge.

This action seeking compensatory and punitive damages as well as injunctive relief was brought by an individual involved in the business of trash hauling and disposal against various competitors, the Pennsylvania Department of Environmental Resources (DER), and three DER employees. The complaint, which has undergone various amendments, alleges that all defendants were involved in violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; Sections 1 and 2 of the Sherman Act; Sections 2(c) and 4 of the Clayton Act, 15 U.S.C. §§ 13(c) and 15); as well as pendant state claims of unjust enrichment, commercial bribery, and inducement to breach fiduciary duty. Civil rights violations are alleged only against DER, Duritsa, Orlando and Luci.

Plaintiff filed an application for a preliminary injunction. Responses to the motion were filed by various defendants and a hearing was conducted on the issues. The hearing on the preliminary injunction was continued, pending arguments on related issues in another case before this court, *Reeger v. Mill Service, Inc., et al.,* 593 F.Supp. 360 (W.D.Pa.1984), which case has since been dismissed. Defendants have filed answers and/or motions to dismiss the amended complaint. These motions are now pending before the court and have been fully briefed.

## I. MOTION FOR PRELIMINARY INJUNCTION.

A request for preliminary injunction under Fed.R.Civ.P. 65 must provide specific facts which indicate a) the immediate and irreparable harm which is at issue, b) a reasonable likelihood that plaintiff will be successful on the merits of the suit, c) the possibility of harm to other interested persons from the granting and/or denial of relief as requested, and d) if relevant, the effect of an injunction on the public interest. *See Punnett v. Carter,* 621 F.2d 578, 582 (3d Cir.1980); *Kennecott Corp. v. Smith,* 637 F.2d 181, 187 (3d Cir.1980).

Plaintiff here asks this court to enjoin the Department of Environmental Resources, (DER) and all those defendants acting in concert with it, from "arbitrary and unequal application or implementation of the rules and regulations of the Solid Waste Management Act, and other environmental laws of the United States and the Commonwealth of Pennsylvania." (Amended Complaint, at 56). Specifically plaintiff seeks an injunction which would enjoin DER from denying plaintiff Municipal Disposal Company a permit to operate its landfill site since this amounts to an injunction against the State based on state law, consideration must be given to Eleventh Amendment concerns in determining plaintiff's likelihood of success.

Defendants cite *Pennhurst State School and Hospital v. Haldeman, (Pennhurst II),* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) as authority for the proposition that the Eleventh Amendment prohibits the injunctive relief requested and move to dismiss the amended complaint as to DER, Duritsa, Orlando and Luci (all DER employees) on this basis.

We recognize that the state DER, an agency of the state itself, may not be sued in federal court unless the state has waived its Eleventh Amendment immunity or Congress has subjected states to suit pursuant to Section 5 of the Fourteenth Amendment. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The state DER must be dismissed since neither of the above circumstances are present here.[1]

---

1. The absence of any provision applying the term "person" to sovereign governments implies that Congress did not intend the term to extend to them. *United States v. United Mine Workers*

■ We also agree that insofar as plaintiff's request for injunctive relief is directed against the state and is based on violations of state law (Solid Waste Management Act, 35 P.S. § 6018.101 *et seq.*; Clean Streams Law, 35 P.S. § 691.1 *et seq.*) it may not be heard in federal court. Moreover this Eleventh Amendment barrier may not be overcome by suing the state officials or seeking only prospective relief since these narrow exceptions under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) "are inapplicable in a suit against state officials on the basis of state law." *Pennhurst II*, 465 U.S. at ——, 104 S.Ct. at 911. Thus state law claims against Duritsa, Orlando and Luci as DER employees would not withstand a motion to dismiss.

■ The Eleventh Amendment is not a bar to all prospective relief against state officials, however, if violations of federal law are established. *Ex parte Young, supra*, concluded that where a state officer violates the constitutional rights of others by enforcing an unconstitutional statute, that officer is divested of any official power and acts *ultra vires*. Thus the Eleventh Amendment would not bar litigation in federal court against such officers.

■ Plaintiff argues that the *Ex parte Young* exception applies here since defendants' unequal and arbitrary application of the laws constitutes a violation of plaintiff's constitutional rights under the Fourteenth Amendment. There is no allegation that a state statute or regulation is itself unconstitutional. Rather defendants allegedly enforced constitutionally proper laws in an unconstitutional manner. This argument appears to extend the *Ex parte Young* exception, and we are reluctant to give such an extension favorable consideration. We conclude that plaintiff is not entitled to the injunctive relief that it seeks

since there appears to be no likelihood of success on the merits.

## II. MOTIONS TO DISMISS 42 U.S.C. § 1983 CLAIM.

■ Aside from Eleventh Amendment considerations, we conclude that plaintiff fails to state a Section 1983 cause of action for the following reasons:

A. The complaint does not allege invidious discrimination (i.e. sex, race) and fails to demonstrate the "unjust and illegal discrimination between persons in similar circumstances" needed to establish unequal administration of the law by a public authority and the denial of equal protection. *United States v. Torquato*, 602 F.2d 564, 568 (3d Cir. 1979); *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

B. The right asserted by plaintiff is a property right "to use and/or operate its industrial/hazardous waste facility or to appeal its consent order which Municipal was forced to sign in violation of the Fifth Amendment ..." (Amended Complaint at 48, paragraphs 142–143). We know of no such federally protected right. *See Middlesex County Sewerage Authority v. National Sea-Clammers Association*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). Moreover, even if such a right exists, constitutionally adequate state administrative procedures exist which satisfy procedural due process. *See Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981).

C. Any potential action under 42 U.S.C. § 1983 of the Civil Rights Act is superceded by the comprehensive remedial enforcement scheme embodied in the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* and the Federal Solid Waste Disposal Act, 42 U.S.C.

---

*of America*, 330 U.S. 258, 275, 67 S.Ct. 677, 687, 91 L.Ed. 884 (1947). The language in 18 U.S.C. § 1961(3) does not specifically define a state or state agency to be a "person" under RICO. This is also true of the language of the various anti-

trust laws. Thus there is nothing inherent in these statutes to provide for Congressional abrogation of Eleventh Amendment immunity and there has been no waiver by the state.

§ 6901 *et seq.* which provide exclusive remedies. *Middlesex County Sewage Authority v. National Sea-Clammers Association,* 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981); *Reeger v. Mill Service et al.,* 593 F.Supp. 360 (W.D.Pa.1984).

For these reasons, we dismiss Count II of the Amended Complaint which alleges Section 1983 civil rights violations against DER, Duritsa, Orlando and Luci.

### III. MOTIONS TO DISMISS ALL OTHER CLAIMS AGAINST DER.

■ Due to Eleventh Amendment considerations, discussed earlier in regard to plaintiff's motion for injunctive relief, we believe that plaintiff's state law claims against DER must be dismissed. *Alabama v. Pugh, supra; Pennhurst II, supra.* We also believe that the remaining federal law claims against DER are barred by the Eleventh Amendment and must be dismissed since we find that the *Ex parte Young* exception does not apply.[2] Neither has there been a waiver of immunity by the state or congressional abrogation of the immunity.[3] Thus all claims against DER will be dismissed and the action discontinued as to it.

### IV. MOTIONS TO DISMISS ALL OTHER CLAIMS AGAINST STATE EMPLOYEES.

Plaintiff alleges *inter alia* that Orlando, Duritsa, and Luci, employees of DER, had extorted and accepted cash or other valuable property from landfill operators as a prerequisite to issuing permits, had accepted bribes in return for their aid and cooperation in monopolization attempts, and had permitted violations of environmental laws by certain landfills. Further Orlando is alleged to have altered water samples and falsified water sample reports to DER. These defendants have been sued individually and in their official capacities. (*See* Amended Complaint at 46, par. 137). All of these defendants have filed motions to dismiss and they will be jointly considered.

■ The actions which are complained of by plaintiff concerns the manner in which these three defendants performed their official duties. To this extent, plaintiff's federal and state claims are barred by the Eleventh Amendment.[4]

However, plaintiff here specifically alleges that it is also suing these defendants as individuals, and argues that defendants committed criminal acts which were part of an overall conspiracy. To the extent that plaintiff alleges individual liability on the part of these defendants for actions which are

a)  not actions of the DER itself,

b)  clearly beyond the powers of their official positions as state employees, and

c)  illegal in nature,

the allegations will stand provided they are properly plead.[5] Therefore all claims against these defendants in their official capacity will be dismissed.

### V. BFI'S MOTION TO DISMISS FOR IMPROPER VENUE AND LACK OF IN PERSONAM JURISDICTION.

■ BFI, Inc. of Texas has moved to dismiss plaintiff's amended complaint for improper venue and lack of in personam jurisdiction. Plaintiff therefore has the burden of proving that this court properly

---

**2.** *See* discussion, *supra* at 5.

**3.** *See* discussion, *supra* at 3–4. Plaintiff's argument that a state agency may be an "enterprise" for RICO purposes is accepted as correct. This however does not subject the state agency to liability as a "person" under the Act.

**4.** *See* discussion, *supra* at 3–6. Moreover, suit by a private party seeking money damages payable from funds in the state treasury is barred by the Eleventh Amendment. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Kennecott Copper Corp. v. State Tax Commission,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946).

**5.** *See, United States v. Frumento,* 563 F.2d 1083 (3d Cir.1977) (state employees could be charged under RICO for participating in a scheme to evade Pennsylvania's tobacco tax.)

has jurisdiction by a preponderance of the evidence. *DiCesare-Engler Productions Inc. v. Mainman, Ltd.*, 81 F.R.D. 703, 705 (D.C.Pa.1979). Plaintiff has opposed the motion with evidentiary material and brief, incorporating therein by reference the materials presented by the plaintiff Chambers in a related case, *Chambers Development Co., Inc. v. Browning-Ferris Industries*, 104 F.R.D. 133 (W.D.Pa.1985), in opposition to a similar motion by BFI, Inc. to dismiss. We doubt that plaintiff's newly submitted evidentiary materials alone would be sufficient to withstand BFI's motion to dismiss in this case. However, we have earlier held that the incorporated *Chambers* materials were sufficient to establish a prima facie showing of this court's jurisdiction over BFI, Inc. *Id*, at 136. Since the claims here arise from many of the same or similar transactions by BFI, Inc. and many of the same parties as does *Chambers*, and since BFI, Inc. was found in that case to have sufficient minimum contacts which were of such a nature that BFI, Inc. reasonably could foresee the possibility of having to defend in this forum, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *Schwilm v. Holbrook*, 661 F.2d 12, 14 (W.D.Pa.1981), we believe that BFI, Inc.'s motion to dismiss in this case should properly be denied for the reasons set forth in the *Chambers* opinion. *Chambers Development Co., supra*, at 4–9. Both personal jurisdiction and proper venue exist in this court.

## VI. MOTIONS TO DISMISS ANTITRUST CLAIMS AS TO ALL DEFENDANTS.

A motion to dismiss on behalf of all defendants [6] argues *inter alia* that Sherman Act claims should be dismissed because:

1. The Parker State Action Doctrine applies, making the antitrust laws inapplicable to the DER action;

2. Attempts to influence governmental decisions are protected from antitrust scrutiny by the Noerr-Pennington doctrine;

3. Plaintiff's damages result from DER's closing of its landfill, not from the alleged antitrust violations, and therefore there is no antitrust injury necessary to state a claim.

Each of these arguments relies in some way on the propriety of DER's actions and hinges on the preclusive effect of the proceedings in Commonwealth Court and before the Environmental Hearing Board. The Commonwealth Court Order of October 28, 1983 (at No. 2083 C.D.1983) was issued in an action brought by DER to enforce a Consent Order and to obtain a contempt citation against William Fiore and Municipal pursuant to state law. The Commonwealth Order upheld the validity and enforceability of the Consent Order and expressly stated that the court was not persuaded that Fiore had executed the Consent Order under duress. The Commonwealth Order, finding no proof of abuse of power, bad faith, fraud or arbitrary action, enforces certain paragraphs of the Consent Order and imposes certain fines on Fiore and Municipal. The Pennsylvania Supreme Court heard an appeal in this matter and issued an order, per curiam, affirming the Commonwealth Court's Order in part, and staying part of the lower court's order, while remanding for a determination of the suitability of the Phase II pit for storage and disposal of the waste material. Otherwise the lower court's order was continued in full force and effect. The Dissent notes that this decision by the Commonwealth Court is in effect a remand for determination of whether or not a hazardous waste permit should be issued for the Phase II pit.

In a separate proceeding, Fiore had appealed the DER's suspension of the Phase I pit permit (August 4, 1983) before the Environmental Hearing Board (EHB). The

---

**6.** We note that several named parties have not been served. These include Robert Johnson, Stephen Thomas, Loren Beck, Karel Pekarek and John Drury, each of whom are individuals who are citizens of Texas and officers of BFI, Inc. of Texas, as well as William Curtis, a former officer of BFI of PA.

EHB issued an Opinion and Order dated May 7, 1984 concluding that the DER did not abuse its discretion and upholding the DER's suspension. In so doing, the EHB gave preclusive effect to the Commonwealth Court ruling that Fiore had violated paragraphs 4, 5, 7 and 9 of the Consent Order and Agreement which were valid and enforceable. EHB further held that DER may suspend a permit on the basis of such violations, and since this is exactly what DER claims to have done, Fiore's failure to comply with the Consent Order, constituting serious rather than technical violations, was sufficient for the EHB to conclude that DER did not abuse its discretion at the time it suspended Fiore's permit. The EHB's Order was appealed to Commonwealth Court at No. 1565 C.D.1984, and this appeal is still pending.

■ Review of these decisions raises issues regarding their finality and the scope of preclusive effect, if any, that may more appropriately be determined by way of summary judgment. Collateral estoppel is an affirmative defense and should be asserted by defendants in their answers. We cannot say at this early stage that plaintiff would be unable to prove any set of facts which would establish antitrust harm and a nexus to anticompetitive behavior. We therefore find plaintiff's Sherman Act antitrust claims to be sufficient to withstand a motion to dismiss at this time.

■ Defendants raise a separate objection to the allegation of Robinson-Patman Act violations under 15 U.S.C. § 13(c). They argue for dismissal of this claim for the reasons already discussed in relation to Sherman Act violations and also because defendants are not sellers of tangible goods.

■ We agree. In order to allege an action under Section 2(c) of the Robinson-Patman Act, 15 U.S.C. § 13(c), the complaint must state "that the transactions between the parties constitute a sale of 'goods, wares, or merchandise' and not merely a contract for services." *Rangen, Inc. v. Sterling Nelson & Sons, Inc.,* 351

F.2d 851 (9th Cir.1965), *cert. denied* 383 U.S. 936, 86 S.Ct. 1067, 15 L.Ed.2d 853 (1966); *May Dept. Store v. Graphic Process Co.,* 637 F.2d 1211, 1214 (9th Cir.1980). What is involved in the case at hand is "the issuing or non-issuing of permits necessary for the operation of an industrial hazardous waste or refuse landfill, the operation of which include the purchase, sale and disposal of goods and wares...". *See* Plaintiff's Amended Complaint at p. 52, para. 157. We believe that the issuing of permits is very much like licensing transactions which are not sales for purposes of the act. *See County Theatre Co. v. Paramount Film Distribution Corp.,* 146 F.Supp. 933 (E.D.Pa.1956) (licensing of motion picture films is not subject to the Act's provision). Moreover, the issuing of permits is not a transaction involving the kind of tangible articles the Act was intended to cover. *See May Department Store v. Graphic Process Co.,* 637 F.2d 1211, 1214 (9th Cir.1980). We therefore will dismiss that portion of Count IV that alleges a claim based on 15 U.S.C. § 13(c).

## VII. MOTIONS TO DISMISS RICO CLAIM.

■ The instant complaint was filed pursuant to 18 U.S.C. § 1964(c). This section provides a civil cause of action to "any person injured in his business or property by reason of a violation of Section 1962 of this Chapter ...". Thus in order to recover, plaintiff must establish a violation of 18 U.S.C. § 1962. *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983); *Bunker Ramo Corp. v. United Business Forms, Inc.,* 713 F.2d 1272, 1285 (7th Cir.1983). *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 567 F.Supp. 1146, 1053 (D.N.J.1983) indicates that a Section 1962 cause of action consists of seven elements. There must be 1) a defendant who 2) through the commission of two or more acts 3) constituting a pattern of 4) racketeering activity 5) directly or indirectly invests in or maintains an inter-

est in, or participates in 6) an enterprise 7) the activities of which affect interstate commerce.

■ Defendants urge us to dismiss the RICO count based on the rationale and holding of *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 741 F.2d 482, 503 (2d Cir.1984) which requires a private plaintiff to allege a prior conviction of RICO or its predicate acts to state a cognizable RICO claim. Defendants also argue that the RICO count should be dismissed because plaintiff has failed to allege a racketeering enterprise injury. *See Haroco, Inc. v. American National Bank of Chicago*, 747 F.2d 384 (7th Cir. 1984). We note that these same arguments are currently before the Supreme Court. 53 U.S.L.W. 3751 (April 23, 1985). Since a Supreme Court opinion which may be determinative of this case is anticipated in the near future, we will stay a decision on the RICO claim at hand pending such decision.

## VIII. MOTIONS TO DISMISS PENDANT STATE CLAIMS.

Since we have found that plaintiff has stated a federal claim, and since we believe that plaintiff's allegations of state claims are sufficient to put defendants on notice of what they are required to defend against, defendants' motions to dismiss the pendant state claims will be denied at this time. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## IX. MOTIONS TO STRIKE.

Defendants have moved to strike plaintiff's second amended complaint because, *inter alia*, it states, general damages, unliquidated in amount, in a specific sum in violation of Local Rule of Court 30. The motion to strike these specific damage counts will be granted. *See Mitchell v. American Tobacco Company*, 28 F.R.D. 315 (M.D.Pa.1961).