William FIORE, Plaintiff,

v.

Richard THORNBURGH, et al., Defendants.

Civ. A. No. 86–1809.

United States District Court, W.D. Pennsylvania.

April 7, 1987.

---

William Fiore, pro se.

Diane Barr Quinlan, Grogan Graffam, Pittsburgh, Pa., for defendant—John Doherty.

H. David Rothman, Pittsburgh, Pa., for defendant—Allison Repine.

Andrew L. Gespass, Pittsburgh, Pa., for defendant—Mill Service.

Virginia L. Desiderio, Monongahela, Pa., for defendant—Donald Desiderio.

Vito Vincent Luci, William Baird, Bernard Kachmer, pro se.

David R. Weyl, Charles W. Johns, Philadelphia, Pa., for defendant Gary Zyra.

Thomas E. Halloran, Sr. Deputy Atty. Gen., Pittsburgh, Pa., for defendants—all state employees.

## OPINION

GERALD J. WEBER, District Judge.

This is a civil rights action which was brought *pro se* by an individual who does business as Municipal and Industrial Disposal Company. The plaintiff's business involves hauling, storage and disposal of refuse and industrial/hazardous wastes. Plaintiff has sued 44 named defendants in this action which is reminiscent of previous cases filed at Civil Action No. 84–1171 and 84–1418. *See Reeger, et al. v. Mill Service, Inc., et al.,* 592 F.Supp. 1266 (W.D.Pa.1984) and 593 F.Supp. 360 (W.D.Pa.1984); *Fiore v. Kelly Run Sanitation, et al.,* 609 F.Supp. 909 (W.D.Pa.1985). The named defendants in this action include public officials, prosecuting attorneys, private attorneys, individuals who testified against or investigated plaintiff in connection with criminal proceedings as well as at least one competitor in the garbage and trash hauling and disposal business. Most simply stated plaintiff appears to complain that defendants conspired to harm his business by taking away Municipal's sources of income and permits to operate, and that this conspiracy and acts in furtherance thereof violated his constitutional rights under the Fifth and Fourteenth Amendment. The Complaint is largely conclusory, but the factual scenario that plaintiff does put forth deals with the manner in which Municipal was regulated by the DER, i.e. plaintiff claims that DER officials operated corruptly, extorted money as a condition of performing their duties and used threats, physical harm, false reports and fear of economic injury to induce plaintiff to enter a consent decree with DER in regard to the operation of Municipal. Plaintiff complains that the defendants acting under color of state law are responsible for the arbitrary decision to refuse Municipal's certification for its phase 2 pit and for the forcible closing of Municipal's landfill operation.

Defendants have filed motions to dismiss, to strike, and for counsel fees. Plaintiff has been given an opportunity to respond to the motions, and they are ready for our determination.

Thirty two of the named defendants who are represented by the Attorney General's Office indicate that the complaint in this action is a collateral attack on numerous criminal convictions of plaintiff in state court. Specifically, these defendants provide an affidavit of the Deputy Attorney General indicating that:

1. On February 18, 1986, William Fiore, plaintiff in [this action], was convicted of one count each of perjury by false swearing, 18 Pa.C.S.A. § 4902; conspiracy, 18 Pa.C.S.A. § 903; obstruction of law and other governmental function, 18 Pa.C.S.A. § 5101; operating hazardous waste facility without a permit, 35 P.S. § 6018.401(a); hazardous waste without a permit into water of the Commonwealth, 35 P.S. § 6018.401; willful discharge of a residual waste without a permit into water of the Commonwealth, 35 P.S. §§ 6018.301, 302; and willful discharge of industrial waste into the water

of the Commonwealth, 35 P.S. §§ 691.-301, 307.

2. On March 20, 1986, Fiore was convicted of nine counts of bribery in official and political matters, 18 Pa.C.S.A. § 4701; nine counts of obstructing administration of law or other governmental function, 18 Pa.C.S.A. § 5101; and two counts of criminal conspiracy, 18 Pa. C.S.A. § 903.

3. On July 2, 1986, plaintiff William Fiore was convicted of one count each of willful discharge of an industrial waste into the water of the Commonwealth, 35 P.S. §§ 691.301, 307; willful discharge of a hazardous waste without a permit into water of the Commonwealth; 35 P.S. § 6018.401; and 51 counts of illegal disposal of a residual waste, 35 P.S. §§ 6018.-301, 302.

4. Defendants DeBenedictus, Biddle, Galida, Moore, Harper, Fabian, Duritsa, Orlando, Peterson, Shack, Brahosky, Campbell, Frederick, Vayansky, Wein, Strain, Brandon Woelfling, Gerjuoy, Zimmerman, Claus, Welks, Conley, Kerpchar, Duncan, Nyland, Ross, Toth, Baird, Opfar, Meetze and Foster were each involved in one or more of the convictions obtained against Fiore, either as prosecutor or prosecutor supervisors, investigators or investigator supervisors, Pennsylvania Department of Environmental Resources or Pennsylvania Fish Commission employees or their supervisors, witnesses against Fiore in the criminal prosecutions, and members of the Pennsylvania Environmental Hearing Board.

*See* Affidavit attached to Motion to Dismiss and For Counsel Fees of defendants Thornburgh, et al.

■ This court takes judicial notice of the fact that the issues raised in this proceeding were properly raised as defenses in the earlier criminal proceedings. Further, under identical facts, this plaintiff's § 1983 civil rights claim against the Pennsylvania DER and three individual DER employees was dismissed as inadequate. *Fiore*, 609 F.Supp. at 913. We believe that this action is properly dismissed under the same reasoning as that in the prior civil action for failure to state a § 1983 cause of action. Plaintiff does not allege the sort of invidious discrimination needed to establish unequal administration of the law by a public authority which would constitute a denial of equal protection. *United States v. Torquato*, 602 F.2d 564, 568 (3d Cir.1979). Constitutionally adequate state remedies exist which satisfy due process requirements. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Any potential right of action under 42 U.S.C. § 1983 is superceded by the comprehensive remedial enforcement scheme embodied in the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* and the Federal Solid Waste Disposal Act, 42 U.S.C. § 6901 *et seq. Middlesex County Sewage Authority v. National Sea-Clammers Association*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Reeger v. Mill Service, et al., supra.*

■ In addition to plaintiff's failure to state a § 1983 claim, we note that many of the individual defendants named are immune from suit. For example defendants Gerjuoy and Woelfling, members of the Pennsylvania Environmental Hearing Board raise the absolute defense of judicial immunity. No specific acts are alleged to have been performed by Honorable Gary Zyra in the complaint but plaintiff's Response makes it clear that any acts complained of were performed in his capacity as a District Justice in Allegheny County, PA. Any rational construction of the facts which plaintiff alleges in his complaint and/or raises in opposition to defendants' motions to dismiss leaves no doubt that the acts which plaintiff accuses defendants of performing were acts normally performed by a judge, and that these defendants were dealing with plaintiff in a judicial capacity at the time as authorized by Pennsylvania statute, 71 P.S. § 510–21. *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Numerous other defendants legitimately raise the defense of prosecutorial immunity since the acts complained of were those within the scope of their duties in initiating and pursuing a criminal prosecution. *See Imbler v. Pacht-*

*man,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Moreover, some of the individual defendants named are witnesses and as such they rely on the absolute immunity from civil liability under § 1983 for testimony given in criminal proceedings. *See Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Mill Service and its employees, plaintiff's competitors, argue and we agree that they did not act under color of state law under the facts which plaintiff alleges.

## MOTION FOR COUNSEL FEES

■ We have received motions for counsel fees from counsel for the thirty-two defendants represented by the Attorney General's Office and from counsel for John Doherty. Other counsel may file such motions within ten days of entry of judgment. *See* Local Rule 33. The motions received argue that fees are warranted in this case pursuant to F.R.Civ.P. 11, 28 U.S.C. § 1927 and/or 42 U.S.C. § 1988 because the case is frivolous, vexatious and totally without merit.

■ F.R.Civ.P. 11 provides that the signature of a party to a pleading constitutes a certificate by that party that to the best of his knowledge the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension of existing law, and that it was not set forth to harass or for any other improper purpose. We realize that the plaintiff in this case is *pro se.* Nonetheless, the sequence of events which culminated in this action lead us to believe that plaintiff knew the action was frivolous prior to filing the complaint, and that he initiated it in order to harass defendants who had testified against him, prosecuted him or acted as judges in prior criminal proceedings. On the same facts, this plaintiff had earlier brought a civil rights claim which was dismissed for failing to state a claim. Plaintiff was represented by an attorney in those earlier proceedings. Plaintiff thus had knowledge of the fact that his civil rights claim was unwarranted by existing law. Moreover, we conclude from his choice of defendants that the suit was

at least in part brought to harass. For these reasons, we believe that Rule 11 sanctions are appropriate in this case.

Senior Deputy Attorney General Thomas Halloran has provided the court with an affidavit indicating that he expended four hours of service in this case at an hourly rate of $150. We believe that both the number of hours of service and the hourly rate are reasonable given the circumstances of this case, and we will therefore approve counsel fees in the amount of $600.

Attorney Diane Barr Quinlin representing John Doherty, Esq. also requested counsel fees for the 2.5 hours of service she rendered on his behalf. We find this to be a reasonable number of hours and we will approve an hourly rate of $150, thereby granting counsel fees in the amount of $375.

An appropriate order will issue.